


ORIGINAL

# In the United States Court of Federal Claims

No. 16-243C

(Filed: June 30, 2016)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*
                                           \*
JOSE COLON,                                \*
                                           \*
         Plaintiff,                 \*
                                           \*
v.                                         \*
                                           \*
THE UNITED STATES,                         \*
                                           \*
         Defendant.                 \*
                                           \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*

FILED
JUN 30 2016
U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

On February 18, 2016, *pro se* Plaintiff Jose Colon filed in this Court a complaint alleging that staff at a New York State Correctional Facility are subjecting him to cruel and unusual punishment in violation of the Eighth Amendment because the facility lacks hot water to shower and heat in the cells.

On March 24, 2016, counsel for the Government filed a motion to dismiss for lack of subject matter jurisdiction. After Mr. Colon missed the April 25, 2016 deadline to respond to the Government's motion to dismiss, the Court issued a show cause order on May 11, 2016 directing Mr. Colon to file his response and to include a statement explaining why the Court should not dismiss his complaint for failure to prosecute. Mr. Colon's response to the show cause order and the motion to dismiss was due on May 25, 2016. The Court warned Mr. Colon that failure to respond to the show cause order will result in dismissal of his complaint. Dkt. No. 10. As of the date of this order, Mr. Colon has not filed his response. For the reasons set forth below, the Court dismisses Mr. Colon's complaint.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. <u>Link v. Wabash R.R.</u>

Co., 370 U.S. 626, 629-30 (1962). "While dismissal of a claim is a harsh action, . . . it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Mr. Colon failed to respond to the Government's motion to dismiss and to the Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain efficient usage of the Court's resources.

Even if Mr. Colon had filed a response, the Court lacks jurisdiction over his claims. Although the Court should exercise leniency with respect to mere formalities with a *pro se* party, it may not take a similarly liberal view with jurisdictional requirements. See Nasharr v. United States, 105 Fed. Cl. 114, 117 (2012); accord Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [but] a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). The Tucker Act, 28 U.S.C. § 1491, limits the Court's jurisdiction to suits against the United States for money damages not sounding in tort. While Mr. Colon captioned his case to include the United States as a defendant, it is clear in his complaint that the State of New York is the proper defendant. The Court finds no set of facts in the filed pleadings that demonstrates a claim against the United States, or that falls within this Court's Tucker Act jurisdiction.

Accordingly, for the foregoing reasons, Mr. Colon's complaint is dismissed for failure to prosecute and for lack of subject matter jurisdiction. The Clerk of Court is directed to dismiss Mr. Colon's complaint without prejudice.

IT IS SO ORDERED.

*[signature]*
THOMAS C. WHEELER
Judge